IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHNNY CHATMAN, JR.,     *

v.     *    CIVIL ACTION NO. PWG-15-2827

WARDEN KATHLEEN GREEN, *et al.*,     *

\*\*\*\*\*\*

## MEMORANDUM

On September 16, 2015, Petitioner Johnny Chatman, Jr. filed a 28 U.S.C. § 2254 habeas corpus application attacking his 2009 convictions.[1] ECF No. 1. On November 18, 2015, Respondents filed an Answer which solely addresses the timeliness of Petitioner's application. ECF No. 3. Petitioner filed a reply. ECF No. 4. Because his petition is untimely and Chatman is not entitled to equitable tolling, it will be dismissed.

### Background

Petitioner was convicted by the Circuit Court for Baltimore County, Maryland of possession of cocaine, possession of cocaine on school property with intent to distribute, distribution of cocaine. Md. Ct. Spec. App. Op., ECF No. 3-2. He was sentenced to a total term of 20 years imprisonment. *Id.* Petitioner noted a timely appeal. The Court of Special Appeals of Maryland, in an unreported opinion filed on July 22, 2011, vacated Petitioner's sentence for possession of cocaine but affirmed his conviction and sentences in all other respects. *Id.* The court's mandate issued on August 22, 2011. *Id.* Petitioner did not seek further review in the Maryland Court of Appeals. Pet. Accordingly, his convictions became final on September 7, 2011, when the time for seeking further review expired. *See* Md. Rule 8-302 (request for further

---

[1] The Petition, received on September 21, 2015, is dated September 16, 2015 and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988).

1

review by the Court of Appeals must be filed no later than 15 days after the Court of Special Appeals issues its mandate).

On February 1, 2012, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Proc. § 7-102, *et seq*. State Ct. Docket 6, ECF No. 3-1. After a hearing, the petition was denied by opinion and order entered February 21, 2013. Ans. 4. Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on November 8, 2013, and the court's mandate issued on December 9, 2013. ECF No. 3-3.

Petitioner moved to reopen state post-conviction proceedings on August 21, 2014. State Ct. Docket 8. The motion was denied on June 9, 2015. The Court of Special Appeals summarily denied the application for leave to appeal the denial of the motion. The court's mandate issued on July 10, 2015. ECF No. 3-4.

## Analysis

Title 28 U.S.C. § 2244(d) provides a one-year statute of limitations in non-capital cases for those convicted in a state case.[2] This one-year period is, however, tolled while properly filed

---

[2]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328–30 (4th Cir. 2000).

Chatman's September 16, 2015 petition was filed more than one year after the judgment of conviction became final on September 7, 2011. Because it appears untimely, *see* 28 U.S.C. § 2244(d), I afforded Chatman "an opportunity to explain why his § 2254 petition should not be dismissed as time-barred." ECF No. 5.

Petitioner responded that his Petition is timely under 28 U.S.C. § 2244(d)(1)(C) as it was filed within one year of the Supreme Court's ruling in *Riley v. California*, ---- U.S. ----, 134 S. Ct. 2473 (June 25, 2014). Pet.'s Resp., ECF No. 6.[3] In *Riley*, the Supreme Court held that the search incident to arrest exception does not apply to the contents of an arrestee's cell phone. *Id.* at 2485–86, 2493. Generally, officers must have a warrant to search the digital information contained on an arrestee's cell phone. *Id.* at 2493. Petitioner notes, and the record demonstrates, that he moved to reopen his state post-conviction proceedings based on the decision in *Riley* and diligently pursued the same. Pet.'s Reply & Resp.[4] Petitioner's reliance on *Riley* as the basis for restarting the statute of limitations on his federal claim, however, is unfounded.

> In order for a new constitutional rule to apply retroactively to cases that have become final before the rule's announcement, the rule must fit one of two categories recognized in *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989). The first category is for rules that are substantive, *i.e.*, rules that bar the punishment of certain primary conduct or that prohibit a certain category of punishment for a class of defendants because of their status or offense. *See* [*Beard v. Banks*, 542 U.S. 406, 416 (2004) (citation omitted)]. The

---

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] Petitioner's Response to the Court's Order contains the same argument as his Reply to Respondents' Answer.

[4] Petitioner also notes that he previously filed a federal petition for habeas relief which was withdrawn so that he could exhaust the issue raised in *Riley*. Pet.'s Reply & Resp. Prior federal habeas proceedings do not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

> second category, into which the Supreme Court has *never* held that a new rule falls, applies to "watershed rules of criminal procedure" that are "central to an accurate determination of innocence or guilt." *See id.* at 417, 124 S. Ct. 2504 [(citations omitted)].

*Cross v. Gilmore*, No. 15-1114, 2016 WL 393952, at *4 (E.D. Va. Jan. 29, 2016).

As the Eastern District of Virginia observed in *Cross*, 2016 WL 393952, at *4, "[t]here can be no doubt that *Riley* is not a substantive rule; it does not circumscribe the legislative power of the government to prohibit specific conduct or impose certain punishments on certain classes of defendants." *Riley*, which "govern[s] the collection of evidence," is also "not a watershed rule of criminal procedure" as it does "not cut to the heart of guilt or innocence, as Supreme Court precedent requires in order for a rule to be a watershed rule of criminal procedure." *Id.* (noting that in *Stone v. Powell*, 428 U.S. 465, 489–90 (1976), the Supreme Court observed that, "because 'the ultimate question of guilt or innocence ... should be the central concern in a criminal proceeding' it is inappropriate to extend the exclusionary rule to collateral review of Fourth Amendment Claims"; holding *Riley* not retroactive to cases on collateral review); *see also Hart v. Quintana*, No. 15-245, 2015 WL 8770077, at *4 (E.D. Ky. Dec. 14, 2015) ("Hart has not demonstrated that *Riley* applies retroactively to cases on collateral review, such as his current § 2241 petition. The Supreme Court has unequivocally stated that 'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive'" (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2011)). As such, the timeliness of Petitioner's application for habeas relies must be assessed under § 2244(d)(1)(A), and not under § 2244(d)(1(C).

The statute of limitations began to run, under §2244(d)(1)(A), on September 7, 2011. Petitioner initiated state post-conviction proceedings 147 days later, on February 1, 2012, thus

4

tolling the running of the limitations period. Post-conviction proceedings concluded on December 9, 2013, and the limitations began to run again. Petitioner waited an additional 255 days, until August 21, 2014, to file a motion to reopen post-conviction proceedings. Assuming the motion tolled the limitations period, that matter was finally concluded on July 10, 2015, and the limitations period began again. On September 16, 2015, Petitioner filed this case, 68 days after the conclusion of the motion to reopen state post-conviction proceedings. In all, 470 days elapsed between Petitioner's judgment of conviction becoming final and the institution of this case where no state post-conviction or other collateral proceedings were pending to toll the limitations period.

In *Holland v. Florida*, the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. 560 U.S. 631, 649 (2010). Specifically, the Court stated that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000).[5]

Petitioner offers no arguments in favor of equitable tolling. Petitioner's *pro se* status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Rouse v. Lee*, 339 F.3d 238, 248–49 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting

---

[5] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D. W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

5

AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that … jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability.

A separate Order follows.

04/18/16
Date

Paul W. Grimm
United States District Judge